## Commonwealth *v*. Lapriesta, Appellant.

*Murder—Charge—Answers to points—Self-defense.*

1. At the trial of an indictment for murder, the fact that the court mistakenly charged the jury that the indictment contained a count for manslaughter was not reversible error, where the defendant could have been found guilty of that offense on the count charging murder, and where the trial judge correctly defined manslaughter in his instructions to the jury.

2. In such case, where the defendant admitted the killing, but alleged that it was in self-defense, the court committed no error in affirming a point relating to self-defense, with the qualification "Killing is the last resort, and if there were any other way it was the duty of the defendant to take that way, but if there were no other way, then he would be justified, even if it resulted in the killing," and in affirming a similar point with the qualification "if you find from the evidence that there was no other way of resisting and the killing came from the resisting."

Argued Feb. 19, 1917. Appeal, No. 237, Jan. T., 1916, by defendant, from judgment of O. & T. Lackawanna Co., Jan. Sessions, 1916, No. 15, on verdict of guilty of murder of the second degree in case of Commonwealth of Pennsylvania v. Anthony Lapriesta. Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Indictment for murder. Before STAPLES, P. J.

The defendant was indicted for the murder of Tony Romeo on January 1, 1916. The jury found him guilty

of murder of the second degree, for which he was sentenced to a term of eight years minimum and twelve years maximum in the State penitentiary for the eastern district of Pennsylvania. Defendant appealed.

*Errors assigned* were (1) stating to the jury that the defendant was charged in the indictment with a count for manslaughter, and the second, third and fourth assignments which follow:

Second. The learned court erred in its answer to the fourth request of defendant for instruction. The request and the answer thereto are as follows:

"If the attack on Lapriesta was so sudden and violent that a retreat would not diminish his danger he could kill Romeo, if from the nature of the attack, there was reasonable ground to believe that there was a design to take his life, or do him great bodily harm; and in so doing he would be guilty of no crime and should be acquitted.

"Answer: We affirm that point, gentlemen of the jury, if you find from the evidence that there was no other way of resisting and the killing came from the resisting."

Third. The learned court erred in its answer to the fifth request for instruction by defendant. The request and the answer thereto are as follows to wit:

"If the assault upon Lapriesta was so fierce as to justify him in the belief that he could not retreat without manifest danger of his life or grievous bodily harm, then, in his defense, he could kill Romeo instantly, and in so doing he would be guilty of no crime and should be acquitted.

"Answer: We affirm that point if there were no other way by resisting or escaping. Killing is the last resort, and if there were any other way it was the duty of the defendant to take that way; but if there were no other way, then he would be justified even if it resulted in the killing of Romeo."

Fourth. The learned court erred in its answer to the

seventh request for instruction by defendant. The request and the answer thereto are as follows, to wit:

"The law of self-defense is preëminent and by virtue of this inherent right a man assaulted by another, under circumstances manifesting an intention to take life or do some great bodily harm, may immediately resist the assailant even unto death. He may even, under circumstances of urgent and manifest necessity, anticipate the blow of an assailant threatening such an attack, and kill him before his deadly intention is followed by an actual assault.

"Answer: That is rather academic, gentlemen of the jury, because there lacks in this case that which would sustain such facts; but as a general proposition we affirm it."

*Clarence Balentine,* with him *E. T. Philbin,* for appellant.

*Frank P. Benjamin,* First Assistant District Attorney, with him *George W. Maxey,* District Attorney, for appellee.

PER CURIAM, March 19, 1917:

This appeal is from the judgment on a verdict finding appellant guilty of murder of the second degree. His first complaint is that the court erred in charging the jury that the indictment contained a count for manslaughter. This did him no harm, for he could have been found guilty of that offense on the count charging murder, and it is admitted that the learned trial judge correctly defined manslaughter in his instructions to the jury. The second, third and fourth assignments charge errors in answers to points submitted by the defendant. Each was affirmed with a qualification free from error.

Judgment affirmed.